IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Simon Allen, Jr., )<br>)<br>) Civil Action No. 8:15-363-RMG-KFM<br>Plaintiff, )<br>) **REPORT OF MAGISTRATE JUDGE**<br>vs. )<br>)<br>Greenwood County Sheriffs )<br>Department, Greenwood Solicitor Office,)<br>B. Ware, Bryan Lewis, N. Futch, )<br>R. Coker, Tony Davis, Lonnie Smith, )<br>Ronnie Powell, C. Rayan Johnson, )<br>Walter Rutledge, Brooks, )<br>William Kay, and David M. Stumbo, )<br>Prosecutor of case no 13-27456, )<br>)<br>Defendants. )<br>_____) | |

The plaintiff is a pre-trial detainee at the Anderson City Jail in Anderson, South Carolina. The "lead" defendant in this civil rights action is the Greenwood County Sheriff's Department. According to the complaint, defendants B. Ware (officer), Bryan Lewis (detective), N. Futch (officer), R. Coker (deputy), Lonnie Smith (detective), and Ronnie Powell (detective) are employed by the Greenwood County Sheriff's Department. Tony Davis is the Sheriff of Greenwood County.

Defendant C. "Rayan" Johnson and "Walter Rutledge" are "judges" at the Greenwood County Courthouse. The plaintiff is obviously referring to C. Ryan Johnson, a county magistrate, and to Walter Rutledge Martin, a county magistrate. *See* 2014–2015 South Carolina Bar *Lawyers Desk Book*, at page 589. David M. Stumbo is the solicitor for the Eighth Judicial Circuit. Defendant William K. Brooks, whom the plaintiff describes as a "prosecutor," is an Assistant Solicitor.

The "STATEMENT OF CLAIM" portion of the Section 1983 complaint reveals that this civil rights action arising out of the plaintiff's criminal case. The plaintiff alleges the Greenwood County Sheriff's Department and Solicitor's Office violated his rights to Due Process (doc. 1 at 5). He states that defendant B. Ware responded to a possible shooting at 515 Nation Road in Hodges, South Carolina and that Bryan Lewis wrote a supplemental incident report changing the address, lied to a judge to get a search warrant, and wrote supplemental witness statements. The plaintiff claims that N. Futch interviewed witnesses, changed the incident report to 520 Nation Road, but did not interview certain other individuals. He claims that on September 9, 2013, defendant Coker received an anonymous call from a witness who claimed they saw the plaintiff hide guns in the woods. The plaintiff further asserts that defendant Smith was told in person and by letter that the plaintiff "was being lied on" and that defendant Powell had received information that the plaintiff was "set-up" (*id*. at 5–6). The plaintiff complains of an "excessively high" bond of $300, 000, which was set by defendant Johnson and that Judge "Walter Rutledge" (Martin) signed a search warrant to search 520 Nations Road, where the plaintiff did not live. The plaintiff asserts that when defendant Brooks interviewed the plaintiff, he changed his statement when he wrote it down "from audio" (*id*.). The plaintiff states that defendant Kay would not give the plaintiff a gunshot residue test and that defendant Stumbo allowed someone to put on the plaintiff's record that the plaintiff had been convicted of several violent crimes, "which was not true" (*id*.). Finally, the plaintiff claims that defendant Female Prosecutor stated in court that the plaintiff had been convicted of several violent crimes when she knew this was not true (*id*.). In his prayer for relief, the plaintiff seeks release from imprisonment; a total of $900,000 from the Greenwood County Sheriff's Department and the defendants employed by it; $200,000 in damages from Solicitor Stumbo; $100,000 in damages from Judge Johnson; $100,000 from Judge "Walter Rutledge"; and $500,000 for "pain and suffering" and wrongful incarceration (*id*. at 7–8).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint and attachments pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007) (*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Even under this less stringent standard, the complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

This civil rights action arises out of the plaintiff's arrest and incarceration in Law Enforcement Case File No. 13-27456. The Public Index database on the Greenwood County Clerk of Court public-access website (http://publicindex.sccourts.org/Greenwood/PublicIndex/PISearch.aspx, last visited on Feb. 9, 2015) reveals that Law Enforcement Case File No. 13-27456 concerns four pending criminal charges in the Court of General Sessions for Greenwood County: attempted murder (Indictment No. 2013-GS-24-1860); possession of a weapon during a violent crime (Indictment No. 2013-GS-24-1861); possession with intent to distribute marijuana (Indictment No. 2013-GS-24-1862); and possession with intent to distribute cocaine-first offense (Indictment No. 2013-GS-24-1863). All four indictments were true billed on December 9, 2013. The Public Index also reveals an unrelated pending charge of the unlawful carrying of a pistol (No. 2013-GS-24-1413/2013A2420300079). See *Mitchell v. Newsom*, Civil Action No. 3:11-0869-CMC-PJG, 2011 WL 2162723, *3 n.1 (D.S.C. May 10, 2011) (collecting cases indicating that federal courts may take judicial notice of governmental websites, including court records), *adopted by* 2011 WL 2162184 (D.S.C.

June 1, 2011). It can also be judicially noticed that the plaintiff entered a guilty plea in *United States v. Simon Allen, Jr.*, Criminal No. 8:14-324-TMC-2, to conspiracy to defraud the United States, but the plaintiff has filed a motion to withdraw his guilty plea, which is captioned as a motion to dismiss (doc. 117 in Criminal No. 8:14-324-TMC-2).

As a result of the plaintiff's indictments in the Court of General Sessions, his claims of false arrest fail. A grand jury indictment is affirmative evidence of probable cause sufficient to defeat claims for malicious prosecution and false arrest under § 1983. *See Provet v. South Carolina*, Civil Action No. 6:07-1094-GRA-WMC, 2007 WL 1847849, at *5 (D.S.C. June 25, 2007). Moreover, the plaintiff has not raised a valid claim of malicious prosecution on the criminal charges because the charges have not been resolved in his favor. *See McCormick v. Wright*, Civil Action No. 2:10-0033-RBH-RSC, 2010 WL 565303, at *3 (D.S.C. Feb. 17, 2010) ("Plaintiff has certainly not alleged the element that the state criminal charges against him have been resolved in his favor so a malicious prosecution claim appears to be premature.").

Sheriff's Departments in South Carolina are state agencies, not municipal departments. *See* S.C. Code Ann. § 23-13-550; 1975 S.C.Att'y.Gen'l.Op. No. 47, 1975 WL 29404 (Jan. 22, 1975); and S.C. Code Ann. § 23-13-10 (stating that only the Sheriff has the authority to hire or terminate employees of the Sheriff's Department and that the Sheriff is responsible for neglect of duty or misconduct by a deputy sheriff); *see also Edwards v. Lexington Cnty. Sheriff's Dep't*, 688 S.E.2d 125, 127 n.1 (S.C. 2010) ("However, under South Carolina law, the sheriff and sheriff's deputies are State, not county, employees."). As a state agency, the Greenwood County Sheriff's Office is immune from suit under the Eleventh Amendment. *Comer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996) (suit against Sheriff of Greenville County: ". . . Sheriff Brown is an arm of the State.").

Solicitor David M. Stumbo and the Assistant Solicitor are subject to summary dismissal because of prosecutorial immunity. In South Carolina, regional prosecutors are

called Solicitors and Assistant Solicitors.  *See* S.C. Const. Article V, § 24; and S.C. Code Ann. § 1-7-310.  Solicitors are elected by voters of a judicial circuit.  Prosecutors have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pre-trial "motions" hearings. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 344–49 (2009); *Buckley v. Fitzsimmons*, 509 U.S. 259, 268–75 (1993); and *Dababnah v. Keller-Burnside*, 208 F.3d 467, 471–72 (4th Cir. 2000).  Moreover, prosecutorial immunity will also extend to any appeal, post-conviction case, or federal habeas corpus action.  *Rice v. Nat'l Sec. Council*, 244 F. Supp. 2d 594, 602 (D.S.C. 2001).  The "Greenwood County Solicitor Office," which is actually the Office of the Solicitor for the Eighth Judicial Circuit, has Eleventh Amendment immunity. *Regents of Univ. of Calif. v. Doe*, 519 U.S. 425, 430 (1997).

Magistrate C. Ryan Johnson and Magistrate "Walter Rutledge" Martin are judges in the State of South Carolina's unified judicial system.  *See In re Hughes*, 710 S.E.2d 75, 75–76 (S.C. 2011).  Insofar as their actions in the plaintiff's criminal case are concerned, Magistrate C. Ryan Johnson and Magistrate "Walter Rutledge" Martin are immune from suit because of judicial immunity. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."); and *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions.").

Based on the foregoing, it is recommended that the district court summarily dismiss the above-captioned case *without prejudice* and without service of process.  The plaintiff's attention is directed to the Notice on the next page.

February 12, 2015                                   s/ Kevin F. McDonald
Greenville, South Carolina                     United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court
United States District Court
300 East Washington Street — Room 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).