IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Simon Allen, Jr., ) | |
| ) | No.8:15-cv-0363-RMG |
| Plaintiff, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| Greenwood County Sheriff's Department, ) | |
| et. al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter comes before the Court on the Report and Recommendation (R & R) of the Magistrate Judge (Dkt. No. 12), recommending that this action be summarily dismissed without prejudice and without issuance of service. Plaintiff has filed objections to the R & R. For the reasons stated below, the Court the adopts the R & R in part and dismisses this action without prejudice and without issuance of service as to all Defendants except Defendant Bryan Lewis.

### I. Background

Plaintiff is a pretrial detainee at the Anderson City Jail. He filed this Section 1983 action against the Greenwood County Sheriff's Department, the Greenwood County Sheriff, employees of the Greenwood County Sheriff's Department, the Greenwood Solicitor's Office, the Solicitor for the Eighth Judicial Circuit, and two county magistrate judges. (Dkt. No. 1). Plaintiff's allegations all concern Law Enforcement Case File No. 13-27456 which resulted in four criminal charges: attempted murder, possession of a weapon during a violent crime, possession of marijuana with intent to distribute, and possession of cocaine with intent to distribute.[1] (*See* Dkt.

---

[1] These allegations are delineated in detail in the R & R. (*See* Dkt. No. 12 at 2.)

1

Nos. 1, 15); *see also* Greenwood County Eighth Judicial Circuit Public Index, *available at* http://198.206.194.114/Greenwood/PublicIndex/CaseDetails.aspx?County=24&CourtAgency=24 001&Casenum=2013A2410201110&CaseType=C. For instance, he complains that Defendant Lewis lied to the magistrate to get a search warrant in the case and that he was given "excessively high" bond. Plaintiff claims that Defendants violated his due process rights and that he is unlawfully imprisoned. (Dkt. No. 1). Plaintiff seeks release from jail and damages. (*Id.* at 7).

The Magistrate Judge found that Plaintiff's claims for false arrest must fail because he was indicted by a grand jury and the charges have not been resolved in his favor, that the Greenwood County Sheriff's Office is immune from suit under the Eleventh Amendment, that Solicitor Stumbo has prosecutorial immunity from suit, and that the county magistrate judges have judicial immunity from suit. (Dkt. No. 12). Therefore, the Magistrate Judge recommended summarily dismissing the Complaint without prejudice or issuance or service of process. (*Id.*). Plaintiff filed objections. (Dkt. Nos. 15, 17.)

## II. Legal Standard

### A. Report & Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a de novo determination of those portions of the R & R or specified proposed findings or recommendations to which objection is

2

made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b).

### B. Summary Dismissal

*Pro se* complaints are construed liberally to allow the development of meritorious claims. *See, e.g., Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978) ("[A] complaint, especially a pro se complaint, should not be dismissed summarily unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief ....") (internal quotations omitted). However, the requirement of a liberal construction does not mean that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim. *See Well v. Dep't of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990) ("The special judicial solicitude with which a district court should view pro se complaints does not transform the court into an advocate."). Furthermore, the Court must dismiss an *in forma pauperis* action *sua sponte* if the claim is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989).

### III. Discussion

### A. Defendants with Immunity from Suit

The Court agrees with the Magistrate Judge's findings regarding immunity. Magistrates Johnson and Martin are entitled to judicial immunity from suit for their actions related to Plaintiff's criminal case. *See, e.g., Chien v. Leclairryan*, 566 F. App'x 275, 275 (4th Cir. 2014) ("While [defendant] was a state actor, he is entitled to judicial immunity for actions taken within the scope of his official duties."). Similarly, because Solicitor Stumbo's alleged actions fall

3

within his traditional prosecutorial duties, he is entitled to prosecutorial immunity.[2] *Nivens v. Gilchrist*, 444 F.3d 237, 250 (4th Cir. 2006). Finally, the Eleventh Amendment bars the suit against the Greenwood County Sheriff's Department, the Greenwood Solicitor's Office, and Sheriff Davis in his official capacity. *E.g., Bland v. Roberts*, 730 F.3d 368, 391 (4th Cir. 2013), *as amended* (Sept. 23, 2013); *Curry v. S. Carolina*, 518 F. Supp. 2d 661, 668 (D.S.C. 2007).

Plaintiff objects to these findings arguing that the defendants are not entitled to qualified immunity. (Dkt. No. 15 at 2-3). It appears Plaintiff does not understand that the Magistrate Judge's findings were based on various absolute immunities rather than qualified immunity. (*See, e.g.,* Dkt. No. 15 at 3 ("The Eleventh Amendment has nothing to do with Greewood County Sheriff's Office having immunity. Violations of constitutional or statutory rights may overcome official's qualified immunity . . ."). Therefore, his objections are overruled.

### B. Claims for False Arrest/Malicious Prosecution

A plaintiff's allegation that his seizure was unreasonable and that he was deprived of due process, in violation of the Fourth and Fourteenth Amendments, because his arrest was not supported by probable cause, is analogous to two common-law causes of action: false arrest and malicious prosecution. *Brooks v. City of Winston-Salem, N.C.*, 85 F.3d 178, 181 (4th Cir. 1996). Allegations that a warrantless arrest was not supported by probable cause is analogous to a false imprisonment claim. *Id.* Whereas, allegations that an arrest made pursuant to a warrant was not supported by probable cause, or claims seeking damages for the period after legal process issued,

---

[2] Based on the language in Plaintiff's Complaint, the Magistrate Judge believed Defendant Brooks to be an assistant solicitor. (*See* Dkt. No. 12 at 1). In his objections, Plaintiff states that Brooks is a detective, not an assistant solicitor. (Dkt. No. 17 at 1). Therefore, prosecutorial immunity does not apply to him.

4

are analogous to the common-law tort of malicious prosecution. *Id.* at 182. Either way, the existence of probable cause defeats Plaintiff's claims. *See id.* at 181-82.

Here, a review of the Greenwood County Eighth Judicial Circuit records reveal that a grand jury returned indictments on all four charges against Plaintiff. *See* Greenwood County Eighth Judicial Circuit Public Index, *available at* http://198.206.194.114/Greenwood/PublicIndex/CaseDetails.aspx?County=24&CourtAgency=24001&Casenum=2013A2410201110&CaseType=C. The Fourth Circuit has held that "an indictment, fair upon its face, returned by a properly constituted grand jury, conclusively determines the existence of probable cause." *Durham v. Horner*, 690 F.3d 183, 189 (4th Cir. 2012) (internal quotation marks omitted). Thus, in most instances, a grand jury indictment is conclusive of constitutional claims that an arrest or imprisonment lacked probable cause. *Id.* However, the conclusive effect of indictments does not "shield a police officer who deliberately supplied misleading information that influenced the decision." *Id.* Plaintiff makes no allegations that the defendants deliberately supplied misleading information to the grand jury; thus, his claims for false arrest and malicious prosecution must fail and are dismissed without prejudice.

## C. Other Claims

The Court has reviewed the Complaint to see if Plaintiff has plausibly pled a constitutional violation by any of the defendants. Plaintiff has only potentially pled a claim against Bryan Lewis. He alleges that Defendant Lewis "lied to Judge to get search warrant." (Dkt. No. 1 at 5). This allegation is sufficient to survive summary dismissal against Defendant Lewis. *See Davis v. Bacigalupi*, 711 F. Supp. 2d 609, 620-21 (E.D. Va. 2010) (denying motion to dismiss where Plaintiff alleged officer lied to magistrate judge to unlawfully obtain search

5

warrant). Plaintiff's other allegations in the Complaint, at best, "point to a negligent or sloppy investigation," which does not rise a constitutional violation. *Id.* at 620.

Plaintiff raises new allegations in his objections. First, he alleges that the defendants violated the Speedy Trial Act because an indictment was not returned within thirty (30) days of his arrest. (Dkt. No. 15 at 1). However, the Speedy Trial Act "only applies to a federal arrest on a federal charge." *E.g., United States v. Burgess*, 684 F.3d 445, 451 (4th Cir. 2012). He also alleges that defendants violated Federal Rule of Criminal Procedure 6. (Dkt. No. 15 at 1). However, again, this rule only applies to federal cases.

## IV. Conclusion

The Court **ADOPTS** all portions of the R & R, except its conclusion that the Complaint should be summarily dismissed as to Defendant Lewis. Accordingly, this action is **DISMISSED** without prejudice and without issuance of service as to all Defendants except Defendant Bryan Lewis. This matter is **RECOMMITTED** to the Magistrate Judge.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Judge

March 12, 2015
Charleston, South Carolina