IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON/GREENWOOD DIVISION

Simon Allen, Jr., )
)
) Civil Action No. 8:15-363-RMG-KFM
Plaintiff, )
)
) **REPORT OF MAGISTRATE JUDGE**
vs. )
)
~~Greenwood County Sheriffs~~ )
~~Department~~; )
~~Greenwood Solicitor Office~~; )
~~B. Ware~~; )
Bryan Louis; )
~~N. Futch~~; )
~~R. Coker~~; )
~~Tony Davis~~; )
~~Lonnie Smith~~; )
~~Ronnie Powell~~; )
~~C. Rayan Johnson~~; )
~~Walter Rutledge~~; )
~~Brooks~~; )
~~William Kay~~; )
~~David M. Stumbo, Prosecutor of~~ )
~~case no 13-27456~~, )
)
Defendants. )
_____ )

  This is a civil rights action filed by a prisoner confined at a local detention facility. Under Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the undersigned United States Magistrate Judge.

  In his complaint, the plaintiff raised various claims against a number of defendants, alleging that he was the victim of a false arrest and malicious prosecution, and that investigating officer Bryan Louis lied to a judge to obtain a search warrant for evidence against him. In a report and recommendation (doc. 12) filed on February 12, 2015, the undersigned recommended that this case be summarily dismissed without prejudice. In an order (doc. 18) filed on March 12, 2015, the Honorable Richard M.

Gergel, United States District Judge, adopted the report and recommendation in part and remanded the case, ruling that only the plaintiff's allegation that Inv. Louis lied to obtain a search warrant was sufficient to survive summary dismissal.  All other claims and all other defendants were dismissed.  The plaintiff then wrote a letter (doc. 25) asking the court "to take another look at my claim for false arrest" regarding Inv. Louis, stating that he provided false information to the grand jury.  Judge Gergel denied this motion for reconsideration, stating that the court had not dismissed the claim against Inv. Louis (doc. 28).

On May 22, 2015, Inv. Louis filed an answer (doc. 38) denying the allegations.  The plaintiff then filed a reply (doc. 42), alleging that after Officer Ware interviewed witnesses to a shooting, Inv. Louis changed the numeric street address of the incident location in a supplemental report "to color the issue" against the plaintiff.  Inv. Louis then obtained a search warrant and found drugs at the revised address during the search.  Then Inv. Louis obtained arrest warrants for the plaintiff for charges related to the shooting and the drugs.

On July 22, 2015, the plaintiff filed a motion for declaratory judgment and injunctive relief (doc. 50).  Inv. Louis filed a motion for summary judgment (doc. 57) on August 13, 2015.  By order pursuant to *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), the plaintiff was apprised of the summary judgment procedure and the possible consequences if he failed to respond to the motion (doc. 58).  On August 31, 2015, the plaintiff filed his response (doc. 60).  The plaintiff filed subsequent responses on September 10th  (doc. 62) and September 23rd  (doc. 68).  Inv. Louis filed a reply on September 15th  (doc. 66).

## **FACTUAL ALLEGATIONS**

In his complaint, the plaintiff alleges that Inv. Louis "wrote a supplemental incident report changing address" and "lied to Judge to get search warrant and wrote

2

supplemental witness statements" (doc. 1 at 5). The plaintiff apparently contends that a discrepancy exists in the reported street address of the incident location, specifically whether it should be 515 or 520 Nation Road. He adds in his reply that Inv. Louis lied to another judge to get arrests warrants against him for his role in the shooting and for drug possession (doc. 42 at 2-3).

In support of his motion for summary judgment, Inv. Louis provides the affidavit of Major Lonnie Smith, Commander of Operations at the Greenwood County Sheriff's Department, along with copies of documents prepared by Inv. Louis and others in furtherance of the investigation against the plaintiff (Smith aff., doc. 57-1, 57-2). Included are copies of four arrest warrants for the plaintiff for attempted murder, possession of a weapon during a violent crime, possession of cocaine, and possession of marijuana; a search warrant for the incident location; and a detailed supplemental incident report. The documents reveal that on September 3, 2013, officers responded to a shooting at a residence at 520 Nation Road. Two female witnesses gave statements that the plaintiff was present, armed with a gun using an extended magazine. The plaintiff fired a shot at one of the witnesses, and both women ran from the house into the woods. They gave statements to the responding officers, and, citing that information, Inv. Louis obtained a search warrant for the residence that same day. The resulting inventory on the search warrant form shows that drugs and ammunition were recovered, including two loaded pistol magazines. The arrest warrants were then obtained and served on the plaintiff the following day. A few days later, Inv. Louis spoke to Deputy Coker, who had received an anonymous tip that the plaintiff had hidden firearms in the woods behind the residence immediately after the shooting. With consent of the homeowner, Deputy Coker searched the wooded area and found two guns, including one with a 30-round extended magazine (doc. 57-2 at 5-14). The plaintiff was indicted on the charges by the Greenwood County Grand Jury on December 9, 2013 (doc. 57-3).

The plaintiff filed a response in opposition to summary judgment (doc. 60), repeating that Inv. Louis lied to the judge to obtain the warrants and that he lied to the grand jury to obtain the indictments against him.  However, he provides nothing of legitimate support for this argument, instead pointing to purported inconsistencies in the investigative documents as proof that Inv. Louis misled the issuing judges and the grand jury.  The plaintiff also filed supplemental arguments (docs. 62 and 68), again arguing that he was falsely arrested due to the misrepresentations of Inv. Louis.  On September 15, 2015, Inv. Louis filed a reply to the plaintiff's response, citing Inv. Louis' conduct in obtaining the search warrant  as the only issue for summary judgment and arguing that the plaintiff had failed to create a genuine issue of material fact to support his claim that Inv. Louis deliberately supplied and/or omitted material information to obtain the warrant (doc. 66).

## **APPLICABLE LAW AND ANALYSIS**

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment:  "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant.  *Id.* at 257.  In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex*

4

*Corp. v. Catrett,* 477 U.S. 317, 325 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Id.* at 248. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id*.

### Due Process - Search Warrant

"'In order to state a claim for a substantive due process violation under § 1983 a plaintiff must show that the defendant's conduct shocks the conscience.'" *Davis v. Bacigalupi*, 711 F. Supp. 2d 609, 620 (E.D. Va. 2010) (citation omitted) (finding that an arrestee's allegation that a police officer lied to and intentionally deceived magistrate in reliability section of search warrant affidavit was sufficiently conscience-shocking to state claim for substantive due process). In order to succeed on a claim that a seizure was unreasonable because it followed from a warrant affidavit that was deficient because it was dishonest, a plaintiff must prove that the swearing officer deliberately or with a reckless disregard for the truth made material false statements in his affidavit or omitted from that affidavit material facts with the intent to make, or with reckless disregard of whether they thereby made, the affidavit misleading. *Id.* at 622 (citation omitted).

Here, the plaintiff has failed to demonstrate that any statement in the search warrant affidavit was false or misleading, so as to impact the magistrate's finding of probable cause. The uncontradicted evidence before the court shows that two witnesses

reported that the plaintiff fired a gun in a residence at 520 Nation Road and that Inv. Louis timely presented that information to a magistrate who determined the existence of probable cause and issued a search warrant for the residence (doc. 57-2). The plaintiff has presented nothing other than his own conjecture to show that Inv. Louis presented false information for the search warrant. The court has painstakingly reviewed the purported inconsistencies identified by the plaintiff in the investigative documents of record and finds that none create a genuine issue of material fact as to Inv. Louis' conduct in obtaining the search warrant or the arrest warrants. As the plaintiff's unsupported assertions are insufficient to withstand summary judgment, the plaintiff's due process claim fails.

### Law of the Case

The law of the case doctrine holds that once a court has decided an issue, that same court will not typically revisit that issue and reverse its earlier decision. As addressed above, Judge Gergel's order of March 12, 2015, allowed the plaintiff to proceed on only one claim: that Inv. Louis lied to obtain the search warrant (doc. 18 at 5). As a result, this court cannot reconsider any of the plaintiff's other claims because they were dismissed by Judge Gergel. To the extent the plaintiff argues that his subsequent arrest and indictment were illegal due to the search warrant he challenges, these arguments fail because the search warrant was properly issued as set forth above. In any event, the record is void of any evidence that Inv. Louis lied to obtain the arrest warrants or the indictments against the plaintiff.

### Qualified Immunity

Qualified immunity protects government officials performing discretionary functions from civil damage suits as long as the conduct in question does not "violate clearly established rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Thus, qualified immunity is lost if an official violates a constitutional or statutory right of a plaintiff that was clearly established at the time of the

alleged violation such that an objectively reasonable official in the official's position would have known of the right. *Id*.

To determine whether qualified immunity applies, a district court must determine whether a plaintiff has alleged the deprivation of an actual constitutional right at all and whether the particular right was clearly established at the time of the alleged violation. *See Tolan v. Cotton*, 134 S.Ct. 1861, 1865 (2014) (*per curiam*); and *Wilson v. Layne*, 526 U.S. 603, 609 (1999). "The judges of the district courts and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). Since the search warrant was properly issued and Inv. Louis did not violate the plaintiff's due process rights, he is entitled to qualified immunity.

***Plaintiff's Motion for Declaratory and Injunctive Relief***

The plaintiff filed a motion for declaratory and injunctive relief (doc. 50), wherein he seeks federal court intervention in his pending state court criminal case. Absent extraordinary circumstances, federal courts are not authorized to interfere with a State's pending criminal proceedings. *See*, *e.g.*, *Younger v. Harris*, 401 U.S. 37, 44 (1971); *Harkrader v. Wadley*, 172 U.S. 148, 169–70 (1898); *Nivens v. Gilchrist*, 319 F.3d 151, 158–62 (4th Cir. 2003); and *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 50–53 (4th Cir. 1989). In *Cinema Blue*, the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. 887 F.2d at 52. Moreover, the Anti-Injunction Act, 28 U.S.C. § 2283, expressly prohibits this federal court from enjoining such proceedings. Moreover, the plaintiff cannot obtain dismissal of his pending criminal charges in this civil rights action. *See Johnson v. Ozmint*, 567

F. Supp. 2d 806, 823 (D.S.C. 2008) (release from prison is not a remedy available under 42 U.S.C. § 1983).

In order to obtain injunctive relief, a plaintiff must establish: (1) the likelihood that the plaintiff will succeed on the merits; (2) the likelihood of irreparable harm to the plaintiff if the injunction is not granted; (3) that the balance of equities tips in his or her favor; and (4) the injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 19–20 (2008). The plaintiff has failed to establish any of these elements. Moreover, the plaintiff is not entitled to an injunction in his pending state court case because he has available state court remedies to raise his constitutional claims in his pending criminal case in state court.

### State Law Claims

In light of the recommendation that summary judgment be granted to Inv. Louis on the plaintiff's federal claims, it is recommended that any state law claims raised by the plaintiff be dismissed *without prejudice. See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *Tigrett v. Rector and Visitors of the Univ. of Virginia*, 290 F.3d 620, 626 (4th Cir. 2002) (affirming district court's dismissal of state law claims when no federal claims remained in the case); and 28 U.S.C. § 1367(c)(3).

### CONCLUSION AND RECOMMENDATION

Now, therefore, based upon the foregoing,

IT IS RECOMMENDED that the District Court grant Inv. Louis' motion for summary judgment (doc. 57). It is also recommended that the District Court deny the plaintiff's motion for declaratory and injunctive relief (doc. 50). The attention of the parties is directed to the notice on the next page.

s/ Kevin F. McDonald
United States Magistrate Judge

September 29, 2015
Greenville, South Carolina

8

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court**
**United States District Court**
**300 East Washington Street — Room 239**
**Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).