IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Simon Allen, Jr., ) | |
| ) | No. 8:15-cv-0363-RMG |
| Plaintiff, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| Bryan Louis, ) | |
| ) | |
| Defendants. ) | |

This matter comes before the Court on the Report and Recommendation (R & R) of the Magistrate Judge (Dkt. No. 73), recommending that Defendant's motion for summary judgment be granted and Plaintiff's motion for declaratory an injunctive relief be denied. Plaintiff has filed objections to the R & R. (Dkt. No. 74). For the reasons stated below, the Court the adopts the R & R as an order of this Court. Accordingly, Plaintiff's motion for declaratory and injunctive relief (Dkt. No. 50) is DENIED, and Defendant's motion for summary judgment (Dkt. No. 57) is GRANTED.

## I. Background

Plaintiff is a pretrial detainee at the Anderson City Jail. He filed this Section 1983 action against a number of defendants. (Dkt. No. 1). Plaintiff's allegations all concern Law Enforcement Case File No. 13-27456 which resulted in four criminal charges: attempted murder, possession of a weapon during a violent crime, possession of marijuana with intent to distribute, and possession of cocaine with intent to distribute.[1] (*See* Dkt. Nos. 1, 15); *see also* Greenwood County Eighth Judicial Circuit Public Index, *available at*

---

[1] These allegations are delineated in detail in a prior R & R. (*See* Dkt. No. 12 at 2.)

1

http://198.206.194.114/Greenwood/PublicIndex/CaseDetails.aspx?County=24&CourtAgency=24001&Casenum=2013A2410201110&CaseType=C. For instance, he complains about the search, his arrest and judicial proceedings related to the law enforcement case. (Dkt. No. 1). Plaintiff seeks release from jail and damages. (*Id.* at 7).

On March 12, 2015, this Court summarily dismissed most of Plaintiff's claims. (Dkt. No. 18). After a thorough review of the Complaint, the Court held that the only potential Section 1983 claim arguably pled was a claim against Bryan Louis based on Plaintiff's allegation that Defendant Louis "lied to Judge to get search warrant." (*Id* at 5). Thereafter, Defendant Louis was served, and he filed a motion for summary judgment. (Dkt. No. 57). Plaintiff filed a motion for declaratory and injunctive relief asking this Court to intervene in Plaintiff's pending state criminal case. (Dkt. No. 50). On September 29, 2015, the Magistrate Judge issued an R & R, recommending Plaintiff's motion be denied and Defendant's motion for summary judgment be granted. (Dkt. No. 73). Plaintiff filed objections to portions of the R & R. (Dkt. No. 74).

## II. Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a de novo determination of those portions of the R & R or specified proposed findings or recommendations to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b).

However, as to portions of the R & R to which no objection is made, this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P 72 advisory committee note). Additionally, the Court need not give any explanation for adopting the R & R in the absence of specific objections by the parties. *See Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983) ("Absent objection, we do not believe that any explanation need be given for adopting the report.").

## II. Discussion

### A. Plaintiff's Motion

Plaintiff has made no specific objections to the Magistrate Judge's recommendation that the Court deny Plaintiff's motion. The Court agrees that there are simply no extraordinary circumstances present here that would warrant a federal court intervening in a pending state criminal proceeding. For the reasons stated in the R & R, the Court denies Plaintiff's motion.

### B. Defendant's Motion for Summary Judgment

The Court agrees with the Magistrate Judge that Defendant has failed to create a genuine issue of material fact for trial on his sole remaining federal claim. In his Complaint, briefing and objections, Plaintiff makes conclusory allegations that Defendant Louis lied to the Magistrate Judge to obtain a search warrant. (*E.g.*, Dkt. No. 74 at 2). He states Defendant Louis changed an address on a supplemental incident report, changed other officer's statement and "fabricated his own statement." (*Id.*). Other than allegedly changing an address on a supplemental report, Defendant does not point to a single allegedly false statement made by Defendant Louis to the Magistrate Judge or otherwise.

3

As to the alleged address change, it appears Plaintiff contends Defendant Louis changed the address at which officers responded to a shooting from 515 Nation Rd to 520 Nation Rd. (*See* Dkt. No. 1 at 5). However, there is no evidence in the record to support this assertion. To the extent that Plaintiff attempts to testify to this assertion, he lacks personal knowledge of the matter and his testimony is excluded under Fed. R. Evid. 602.

Similarly, to the extent Plaintiff alleges that Defendant Louis lied about having witness statements,[2] the undisputed record is that Defendant Louis took such statements after responding to a shooting and properly used them to obtain a search warrant. (Dkt. No. 57-2 at 8-10). To the extent Plaintiff attempts to testify to the contrary, he lacks personal knowledge of the matter and his testimony is excluded under Fed. R. Evid. 602. Without any evidence to support his conclusory assertions, there is no material issue of fact, and summary judgment is appropriate.

## C. State Law Claims

Having dismissed all of Plaintiff's federal claims, the Court declines jurisdiction over any remaining state law claims and dismisses them without prejudice. *See* 28 U.S.C. § 1367(c)(3).

### III. Conclusion

For the reasons stated below, the Court the adopts the R & R (Dkt. No. 73) as an order of this Court. Accordingly, Plaintiff's motion for declaratory and injunctive relief (Dkt. No. 50) is **DENIED**, Defendant's motion for summary judgment (Dkt. No. 57) is **GRANTED**, and this case is **DISMISSED**.

//

---

[2] Plaintiff does not actually state that Defendant lied about having witness statements, but the witness statements appear to be the basis of the search warrant at issue.

4

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Judge

October _15_, 2015
Charleston, South Carolina

5